**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                                                Crim. No. 10-mj-093-LM

<u>Edison Paulino</u>

**<u>ORDER OF DETENTION PENDING TRIAL</u>**

    Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et seq.</u>, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]." <u>United States v. Ploof</u>, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government invoked § 3142(f)(2)(A), claiming that the defendant presents a serious risk of flight.

    In accordance with 18 U.S.C. § 3142(f), the court conducted a hearing on this date for the purpose of determining whether to detain the defendant.  Pursuant to Section 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight").  18 U.S.C. § 3142(f); <u>United States v. Patriarca</u>, 948 F.2d 789, 791 (1st Cir. 1991).  In

making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to offer a preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness.  See Patriarca, 948 F.2d at 792-93.

In the instant case, by issuing the complaint the court found probable cause to believe that the offense charged has been committed and that the defendant has committed it.  For the reasons stated below, and after considering the factors set forth in 18 U.S.C. § 3142(g), the court finds that the government has

...

met its burden to establish that no conditions can reasonably assure the defendant's presence at trial.

By complaint dated December 14, 2010, the defendant is charged with (1) knowingly transferring a false identification document knowing such document was lost, stolen or produced without lawful authority in violation of 18 U.S.C. § 1028(a)(2), and (2) unlawfully selling a card that is, or purports to be, a Social Security card issued by the Commissioner of Social Security, counterfeiting a Social Security card, or possessing a counterfeit Social Security card with intent to sell it in violation of 42 U.S.C. § 408(a)(7)(C). Specifically, the defendant is alleged to have sold Puerto Rican birth certificates and United States Social Security cards to a confidential informant in March and July of 2010.[1]  Although an arrest warrant was issued on these charges, the complaint was not sealed.

According to the government's proffer, the charge was reported in the Nashua Telegraph on December 23, 2010. On December 24, 2010, the defendant, a citizen of the Dominican Republic, purchased a one-way airline ticket to Santo Domingo, Dominican Republic, which was to depart on the same day. When

---

[1] During the March purchase, the defendant also allegedly sold the confidential informant a Puerto Rican driver's license.

arrested at the airport on the warrant issued in this case, the defendant had on his person $1,400 in cash and a knapsack full of clothing.

In response to the government's proffer, the defendant countered that he is a lawful permanent resident who has resided in the United States for the past 25 years, that he has been married to a naturalized citizen for 17 years, that they have two children together, and that they all reside in the State of New Hampshire.  The defendant also noted that he is currently employed as a machine operator through a temporary agency and suggested any risk of flight could be mitigated by electronic monitoring and by the fact that the defendant's Dominican Republic passport was seized on arrest.

While the defendant has undisputed strong ties to the State of New Hampshire, the court nonetheless believes the government has met its burden of establishing risk of flight by a preponderance of the evidence.  The court is particularly troubled by the circumstances surrounding the defendant's attempt to leave the United States via a one way ticket to his country of citizenship the day following the public disclosure of the charges in the Nashua Telegraph.  While there may have been legitimate reasons for that trip, the circumstances and timing

would suggest otherwise.  The court is also concerned that despite the fact that his passport has been seized, the defendant has the ability to obtain identification documentation necessary to leave the jurisdiction.  The defendant is charged with selling fraudulent identification documents.  If believed, the defendant either manufactured those false documents himself or has direct access to persons who manufacture false identification documents.  Thus, although his Dominican Republic passport was seized on arrest, he may have the ability either to manufacture or, if acting as a conduit in the underlying offense, to obtain a fraudulent passport from some third party.  It is also worth noting that the government proffered that it could not prevent the defendant from obtaining a new passport from the Dominican Consulate in Boston, Massachusetts.  Lastly, the defendant is subject to deportation if convicted on the underlying offense, which is an additional fact the supports a risk of flight finding.

   For all of these reasons, the court is satisfied from the representations made during the hearing that no condition or combination of conditions will reasonably assure the appearance of the defendant at trial.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

<u>/s/ Daniel J. Lynch</u>
Daniel J. Lynch
United States Magistrate Judge

Date: December 27, 2010

cc:  Alfred J.T. Rubega, AUSA
     Bjorn Lange, Esq.
     U.S. Marshal
     U.S. Probation